UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SILVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-02165-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

　　　　Sandra Silva ("Plaintiff") initiated this employment discrimination action against the County of Solano ("County"), Patrick Duterte ("Duterte"), Director of the County's Department of Health and Social Services, Debbie Terry-Butler ("Terry-Butler"), Director of the County's Department of Mental Health Services, and Roxanne Martin ("Martin"), a Supervisor in the County's Department of Mental Health Services, (collectively "Defendants").  Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Seventh and Eighth Claims for Relief, for intentional infliction of emotional distress and defamation, respectively.  Defendants further request that references to gender and age in Plaintiff's First Amended Complaint ("FAC") be stricken.  For the following reasons, Defendants' Motion is GRANTED in part and DENIED in part.[1]

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g); see Minute Order, ECF No. 22.

1

# BACKGROUND[2]

Plaintiff is a former mental health clinician with the Solano County Department of Mental Health and Social Services.  Plaintiff began her employment as a clinician with Defendant County in 1996.  Up until January 2011, Plaintiff's performance reviews were well above average and she had a good working relationship with her manager, Defendant Terry-Butler.  Beginning in 2011, through her termination in October of 2012, Plaintiff alleges she was discriminated, harassed, and retaliated against by Defendants on the basis of her race, religion, age and gender.  According to Plaintiff, she was ultimately terminated after reporting "billing inconsistencies" and Medi-Cal fraud.

On December 30, 2010, Plaintiff turned 50 years old, making her eligible for early retirement. Thereafter, Plaintiff claims that she was repeatedly subjected to statements like, "why don't you just retire?" and "if I were you…I would retire to help others."  Plaintiff also alleges that she and other Caucasian coworkers were passed over for promotions and benefits, despite their seniority, in favor of less experienced African-American and minority employees.  Additionally, according to Plaintiff, several Caucasian females were involuntarily transferred out of the Department while several African-Americans with less job tenure were not.

In January 2011, Defendant Martin was promoted by Defendant Terry-Butler and became Plaintiff's supervisor.  Plaintiff alleges that after her promotion, Martin commenced a campaign of harassment against Plaintiff.  Plaintiff's relationship with Defendant Martin deteriorated to the extent that Martin solicited complaints from Plaintiff's coworkers and clients against Plaintiff, and repeatedly admonished Plaintiff about her conduct and job performance.  On May 19, 2011, Plaintiff voiced her concerns to the County's Director regarding the differential treatment between Caucasians and African American/minority staff, as well as regarding certain inconsistencies with respect to the County's Medi-Cal billing policies.

---

[2] The following recitation of facts is taken, at times verbatim, from Plaintiff's FAC.  ECF No. 16.

Plaintiff was ultimately terminated from her position on October 12, 2012. Plaintiff alleges that Defendants have attempted to deny Plaintiff's EDD claim and have made complaints to the Board of Behavioral Sciences seeking to have Plaintiff's professional license terminated. Plaintiff subsequently instituted the present lawsuit alleging numerous state and federal claims for her alleged mistreatment and termination during 2011-2012.

Plaintiff filed her FAC on August 20, 2014. ECF No. 16. Through the present motion, Defendants seek to dismiss the following claims as to all Defendants: (1) Plaintiff's seventh claim for intentional infliction of emotional distress; and (2) Plaintiff's eighth claim for defamation. Mot., ECF No. 17. Defendants also seek to strike portions of Plaintiff's FAC that reference allegations of gender and age discrimination and harassment on grounds that those allegations are immaterial to Plaintiff's First through Fifth Claims for Relief. Id.

## STANDARD

### A.  Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)[3], all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors

merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

    **B.**    **Rule 12(f) Motion to Strike**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

## ANALYSIS

    **A.**    **Motion to Dismiss**

        **1.**    **Intentional Infliction of Emotional Distress**

In her Seventh Claim, Plaintiff alleges Intentional Infliction of Emotional Distress ("IIED") against all Defendants. Defendants seek to dismiss that claim on grounds that where unlawful conducts occurs at the work site in the normal course of an employer-employee relationship, the exclusive remedy for any resulting injury is through workers'

compensation. ECF No. 17-1 at 2 (citing Miklosy v. Regents of Univ. of Cal., 44 Cal.4th 876, 902-903 (2008). However, as Plaintiff points out, there are two exceptions to the exclusivity rule for IIED claims in the workplace: (1) where the conduct "contravenes fundamental public policy," and (2) "conduct that exceeds the risks inherent in the employment relationship." Miklosy, 44 Cal.4th at 903; see Shoemaker v. Myers, 52 Cal. 3d 1, 25 (1990) (explaining that IIED claims not dependent upon a violation of fundamental public policy are covered by the exclusivity provisions of workers compensation). Here, Plaintiff alleges that she suffered emotional distress as a result of Defendants' differential treatment of employees based upon race, religious affiliation, and other discriminatory conduct, as well as because of Defendants' alleged retaliatory conduct in response to Plaintiff's "whistleblowing" regarding the County's alleged illegal billing practices. She claims that treatment both contravenes public policy and transcends the parameters of any reasonable employment relationship.

Where an employer's illegal discriminatory practices cause emotional distress to an employee, the law is clear that such distress is not barred by workers' compensation exclusivity. Murray v. Oceanside Unified School Dist., 79 Cal.App.4th 1338, 1362 (2000) (citing Accardi v. Superior Court, 17 Cal. App. 4th 341 (1993) (disapproved of on other grounds by Richards v. CH2M Hill, Inc., 26 Cal.4th 798 (2001))). As the court recognized in Miklosy, when conduct "contravenes fundamental public policy," an action may proceed despite "the workers' compensation exclusive remedy rule." 44 Cal.4th at 903. Discrimination based on race, religion, age, or gender is not a normal risk inherent in employment, and therefore workers' compensation is not the exclusive remedy since any injury from such discrimination falls outside falls outside the scope of employment. See Fretland v. Cnty. of Humboldt, 69 Cal. App. 4th 1478, 1492 (1999) (holding that emotional distress caused by employer's alleged work-related injury discrimination was not barred by exclusivity rule). Therefore, to the extent that Plaintiff's claim for IIED is based on alleged racial and religious discrimination, it is not barred by the exclusivity rule.

1    Plaintiff also attempts to characterize the retaliation she claims to have endured
2  (as a result of her alleged efforts to remedy Medi-Cal billing abuses) as not being a
3  "normal part of the employment relationship." That argument fails.  The California
4  Supreme Court has rejected the contention that whistleblower retaliation is not an
5  inherent risk in the employment relationship. <u>Miklosy</u>, 44 Cal.4th at 903.  Where alleged
6  misconduct by an employer is a normal part of the employment relationship, such as
7  demotions, criticism, and negotiations of grievances, an employee who suffers emotional
8  distress cannot avoid the exclusivity rule by simply "characterizing the employer's
9  decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional
10 disturbance resulting in disability." <u>Cole v. Fair Oaks Fire Prot. Dist.</u>, 43 Cal. 3d 148, 160
11 (1987); <u>see also</u> <u>Shoemaker v. Myers</u>, 52 Cal. 3d 1, 15 (1990) (employer's intentional
12 conduct in the course of the employment relationship that may be characterized as
13 "egregious" is subject to the exclusivity rule).  Therefore, to the extent that Plaintiff seeks
14 relief on her IIED claim as a result of emotional distress endured in response to her
15 questioning and criticizing of the County's Medi-Cal billing policy, she cannot do so
16 through her IIED claim because, under California law, whistleblowing is within the scope
17 of employment and therefore preempted by worker's compensation.

18    As set forth above, inasmuch as Plaintiff's IIED claim is based on alleged
19 emotional distress caused by Defendants' discriminatory conduct, the exclusivity rule is
20 inapplicable and Defendants' Motion is DENIED.  However, to the extent that Plaintiff
21 bases her IIED claim on her alleged whistleblowing activities, Defendants' Motion is
22 GRANTED without leave to amend.[4]

23          **2.     Defamation (Eighth Claim for Relief)**

24    Plaintiff's Eighth Claim alleges defamation against all Defendants. Plaintiff brings
25 suit for defamation based on the several statements, including reports  "[t]hat Plaintiff
26 had committed billing and time sheet fraud, improperly used [her] County cell phone, and

---

[4] If Plaintiff files an amended complaint as is permitted below with respect to her defamation claim only, any IIED claim must be alleged in conformity with this Order.

1  violated various County regulations and policies in performing her job duties." ECF
2  No. 16 at 19.  Under California law, a tort of defamation involves "(1) a publication that is
3  (2) false, (3) defamatory, (4) unprivileged, and that (5) has a natural tendency to injure or
4  that causes special damages."  Taus v. Loftus, 40 Cal. 4th 683, 720 (2007).

5        Defendants argue that Plaintiff's defamation claim fails for several reasons.  First,
6  Defendants contend that Plaintiff has not alleged in sufficient detail the alleged
7  defamatory statements made by Defendants.  Next, Defendants assert that in addition to
8  a lack of specificity as to how Defendants "caused" defamatory statements to be
9  published, Plaintiff herself has pointed to facts showing that the alleged publications
10 were privileged, and therefore  not subject to defamation claims.  Finally, Defendants
11 argue that because of Plaintiff's failure to identify when the allegedly defamatory
12 statements were made, they cannot ascertain whether Plaintiff's claim was filed within
13 the applicable statute of limitations

14       The Court agrees that Plaintiff has failed to sufficiently plead the elements of a
15 defamation claim.  Plaintiff appears to concede this point as well.  See Opp'n, ECF
16 No. 20 at 6 (requesting leave to amend to supplement the pleadings to include additional
17 details).  Plaintiff does not specify if and how the statements were published, nor does
18 she identify the recipients of the communications at issue.  In addition, the FAC does not
19 indicate whether the statements were made orally or through written publication to
20 qualify as slander or libel.  See Cal. Civil Code § 44.  Finally, Plaintiff also fails to
21 sufficiently plead that the alleged defamatory statements were not privileged.  See Cal.
22 Civil Code § 47(c) (An employer has a privilege to communicate, without malice, with
23 persons who have an interest in the subject matter of the communication.).  Thus, as
24 alleged, Plaintiff's current defamation claim fails to put Defendants on "fair notice" of
25 "what the ... claim is and the grounds upon which it rests."  See Twombly, 550 U.S. 544
26 at 555 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957).  Although the FAC does not
27 need "detailed factual allegations" to survive a motion to dismiss, it does require more
28

1  than "a formulaic recitation of the elements of the cause of action." Id.[5]  Because of
2  Plaintiff's Eighth Claim for defamation is insufficient as pled, and because the FAC as it
3  currently stands makes it impossible to determine whether Plaintiff's claim falls within the
4  applicable statute of limitations, Defendants' Motion to Dismiss Plaintiff's Eighth Claim is
5  GRANTED with leave to amend.

**B.     Defendants' Motion to Strike**

Defendants also moves to strike portions of the FAC pursuant to Rule 12(f). Defendants' principal argument is that Plaintiff's allegations regarding gender and age are immaterial to the First through Fifth Claims for relief and that the references to age and gender discrimination and/or harassment fail to state a plausible claim because they are unsupported by any material facts.  Plaintiff agrees that the references to gender discrimination may be stricken, but contends Plaintiff's allegations of age discrimination are sufficiently supported and reflect the unlawful tactics used by Defendants.  ECF No. 20 at 7-8.[6]

While the Court may strike immaterial matter from a pleading pursuant to Rule 12(f), motions to strike are disfavored and infrequently granted. Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D.Cal.2005).  An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being plead." Fantasy, 984 F.2d at 1527 (quoting  5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 at 706–07 (1990)).  The Ninth Circuit has cautioned that a court may not resolve factual or legal issues in deciding a motion to strike.

///

---

[5] In addition, Plaintiff fails to clearly state when the alleged defamatory conduct took place; therefore, it is unclear when the statute of limitations began to run. See Cal. Civ. Proc. Code § 340(c) (an action for libel or slander must be commenced within one year from the date of publication).

[6] In their reply, Defendants requested for the first time that Plaintiff's claims based on race discrimination be stricken as well.  When a party raises a new argument in a reply brief, that argument is improper because the opposing party is deprived of an opportunity to respond. Tovar v. United States Postal Service, 3 F.3d 1271, 1273 n.3 (9th Cir.1993); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996).  The Court therefore declines to address Defendants' request to strike Plaintiff's race discrimination claims which is denied without prejudice.

9

Instead, any assessment of the sufficiency of allegations as pled should be left for adjudication on the merits. Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir.2010).

With respect to Defendants' request that the Court strike Plaintiff's references to discrimination, harassment, and retaliation based on gender, Plaintiff herself concedes that these references may be stricken, and the Court agrees that removing the allegations pertaining to gender is indeed appropriate. The same cannot be said, however, of Plaintiff's references to alleged age discrimination. The California Fair Employment and Housing Act protects individuals over age 40 against discrimination in employment. See generally Cal. Gov't Code § 12940. After turning 50, Plaintiff alleges that numerous statements were made about her age. She claims she was repeatedly questioned, "Why don't you just retire?" She further claims to have been subject to statement like: "You can make a decent living with early retirement and get another job" and "[y]our husband makes good money and you don't have to work." ECF No. 16 at 5. In addition, Plaintiff specifically alleges that Defendant Martin, her supervisor, stated, "I would retire but I don't have as many years in as you do," and "I have to work for Health Insurance, since I can't cash out like you do." Id. at 6. Plaintiff's references to age are material to her discrimination claim since they arguably identify evidence giving rise to an inference of unlawful discrimination. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998).

Moreover, Plaintiff's allegations regarding age discrimination also provide important context and background to Plaintiff's overall claims for harassment, discrimination and retaliation. At this stage in the proceeding, the factual allegations in Plaintiff's FAC are necessary to put Defendants on notice of the nature of Plaintiff's discrimination claim. Finally, whether Plaintiff has sufficiently pled an age discrimination claim is not an appropriate inquiry for a motion to strike under Rule 12(f), especially given the unfavorable view, as discussed above, typically taken by courts in ruling on such motions. This issue should be resolved at a later, more substantive stage in the

proceedings. Accordingly, Defendants' motion to strike references to age in the FAC is DENIED without prejudice.[7]

**CONCLUSION**

For the reasons set forth above, it is hereby ORDERED that:

1. Defendants' motion to dismiss Plaintiff's IIED claim is hereby GRANTED in part without leave to amend and DENIED in part as set forth above;

2. Defendants' Motion to Dismiss Plaintiff's defamation claim is hereby GRANTED with leave to amend;

3. Defendants' Motion to Strike allegations of age discrimination and references to Plaintiff's age in Plaintiff's FAC is DENIED;

4. Defendants Motion to Strike Plaintiff's references to gender/sex discrimination and/or harassment as set forth at the title of the First and Second Claims for Relief; and paragraphs 62, 65, 70 and 75 of Plaintiff's FAC is hereby GRANTED; and

5. Plaintiff may (but is not required to) file an amended complaint, not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If Plaintiff does not file a Second Amended Complaint ("SAC") within said twenty (20)-day period, Plaintiff's defamation claim will be dismissed with prejudice without further notice.

IT IS SO ORDERED.

Dated: October 29, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7] In any event, the Ninth Circuit has reaffirmed the principle that "[a] plaintiff in an ADEA [Age Discrimination in Employment Act of 1967] case is not required to plead a prima facie case of discrimination in order to survive a motion to dismiss." Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1050 n.2 (9th Cir. 2012) (emphasis in original) (Sheppard is analogous to Plaintiff's claim for relief since an age discrimination claim under the FEHA requires the Plaintiff to prove the same elements under the ADEA). As such, Defendants' argument fails for this reason as well.